## United States Bankruptcy Court
### District of Maryland

In re: Patricia A. Hebb, Debtors

Case No. 18-15073
Chapter 7

MOTION TO RECONSIDER ORDER DIRECTING DEBTOR'S COUNSEL TO REFUND ALL FEES

1. Debtor Patricia A. Hebb commenced this case on April 16, 2018 by filing a voluntary petition for relief under Chapter 7 of Title 11 of the United States Bankruptcy Code and did not file a statement of compensation.

2. On April 17, 2018 counsel was directed to comply with Local Bankruptcy Rule 2016-1(b) within 14. Counsel did not see/read the Order.

3. On May 1, 2018 counsel filed a Motion to Extend Time, but failed to include a request to extend time for the compensation statement in the motion, because again, due to error on counsel's part was unaware of the Order.

4. On May 2, 2018 an Order directing counsel to refund all fees was filed by the Court. Counsel did not see the Order and as best counsel can discern it was in part because the Order was labeled generic which did not on it's face alarm counsel the substance of the Order. Consequently, counsel did not respond to the Order.

5. On May 17, 2018, unaware of the Order directing counsel to refund all fees, and unaware that the deadline to file the compensation statement had passed, counsel filed the compensation statement.

6. On May 17, 2018 the court issued a deficiency due to lack of electronic signature on the compensation statement. Counsel amended the compensation statement on June 1, 2018 to satisfy the deficiency.

7. On June 18, 2018 the court filed a notice of hearing related to Order Directing Counsel to Refund All fees.

8. Counsel initially saw the notice and due to not reading it carefully, thought the hearing was being scheduled so that counsel could explain why he filed the compensation statement late. However, on June 22, 2018 counsel examined the notice more carefully and realized after seeing the Orders filed by the court that the hearing was about much more, such as why has counsel not complied with the Order to refund fees.

9. This case has a long and complicated history, but counsel will try to be brief in his explanation as counsel is aware that the court appreciates brevity where possible.

10. First, counsel takes full responsibility for his own ignorance and lack of due diligence in not reading the Orders issued by the court and all the acts of non-compliance which resulted. Counsel apologizes to this Honorable Court. Secondly, despite the financial hardship which would occur if after reviewing this motion the Order is not rescinded, counsel will comply with the request to refund fees to debtor. However, counsel would like to explain to the court all the work that has been done and still has to be done and prays the court will reconsider.

11. Counsel retained this case in June 2017. However, debtor could not afford to file bankruptcy, and as a result asked for a very long payment plan which resulted in approximately 7 months. In addition, debtor

took more than that amount of time to finish completing the paperwork and obtaining all documents necessary to prepare the petition. After many communications over several months with debtor, debtor was finally ready to submit documents to counsel. Several weeks later after indicating she would submit the completed intake form and supporting documents. debtor called for status. Counsel responded that he was still waiting to receive the intake form and supporting documents from debtor. Debtor insisted she mailed them. Counsel has a policy regarding the submission of mailing paperwork that reads in part, "you **MUST** send with tracking". After a lot of back and forth which involved my office trying to see if we misplaced the file, and the debtor trying to pin point the exact date of mailing, the file was never located. Since debtor did not follow our mailing instructions that require debtors to use a tracking number, we could not prove it was never delivered to our office. The situation became exasperated due to court dates and pending collection action such as garnishment and/or freezing debtor's bank accounts. In an effort to help debtor and minimize the consequences, counsel in consultation with debtor, filed an emergency bankruptcy petition and waived the additional attorney's fee that is added for emergency petitions. So, counsel as a result accepted the additional work, time and cost associated with an amending an emergency petition at no additional fee.

12. In order to expedite, this time counsel interviewed debtor over the phone to complete the intake form. Next, debtor submitted all of the supporting documents…or so counsel thought. Then, counsel prepared the outstanding schedules with debtor and debtor signed under penalty of perjury. However, when the time came for counsel to submit the supporting documents for the 341, debtor mistakenly did not submit all of the supporting documents. For example, debtor did not submit a copy of the most recent pension statement even though counsel's intake form asked for it. For this particular item, debtor indicated "N/A" which counsel directs all debtor to respond in that manner if a document does not apply to them. When counsel asked debtor why she didn't submit that statement before the filing of the schedules, debtor's response was that she did not think it applied to her because she was not currently drawing the pension. Counsel frustrated explained that the intake form makes no commentary on whether or not you are currently receiving the pension funds as a prerequisite to disclosing it. Counsel provided the statement to Trustee for the 341 and told debtor he would amend the petition at no cost to debtor. Debtor had a few other items that she did not follow instructions on as well, that will now result in amending the petition. Again, counsel has agreed to do the amendments at no cost to the debtor.

13. Lastly, debtor owns several pieces of real estate that counsel must file a motion to avoid any liens on. Counsel has agreed to prepare and file the motions to avoid liens at no additional cost. Counsel has made many exceptions for this client, to include speaking to client outside of normal business hours, which has included weekends, allowing client to actually come to counsel's residence and drop off documents at the front gate because client could not mail documents in time, or meet during business hours. Request for client to fax or scan and email were frustrated by client's lack of resources or lack of knowledge on how to complete such actions. Due to the volume of clients, counsel routinely ask clients to utilize email and text messaging when possible. However, debtor's history is that she strongly prefers phone calls and would often call back to back until someone takes her call rather than leave a message.

14. Based on the $1400.00 listed on the compensation statement counsel at present will only receive $1032.00 in attorney's fees, after subtracting the filing fee of $335.00 and the cost of $33 for the credit report. This compensation is considerably below what counsel should receive for essentially what has turned out to be an emergency petition requiring amendments to several schedules yet to be filed, but that are currently in the process of being prepared. Moreover, two motions to be filed regarding avoiding liens on the real property on schedule A, and possibly a motion to avoid lien on personal property, due to the prior levy on client's bank account. In addition, counsel did not charge debtor when he was able to have the bank account money returned to client after the petition was filed.

15. Counsel understands that it is due to his own mistakes of missing the deadlines involving the

compensation statement and/or lack of response to the Court's Order(s) that the court has asked him to return funds to debtor. Counsel is embarrassed that he was not more diligent in reading and responding to the Court.

16. Counsel apologizes to this Court and as he realizes a compensation statement should be timely filed in each case. Counsel would like to emphasize he meant no disrespect to the Court in his lack of and/or late responses. However, unfortunately, for much of the time regarding the compensation issue, counsel was either not aware of the Orders or misinterpreted them.

    WHEREFORE, Debtor prays for a dismissal of the Order to refund compensation, no further sanctions and/or for such additional or alternative relief as may be just and proper.

.

Dated: **July 10, 2018**          /s/Wardell Huff, Esq.
                                                                                      **Wardell Huff**